IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-158-2BO(2)

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JEROME USHER, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a narcotics detective with the Franklin County Sheriff's Office, and defendant the testimony of the two alternative proposed third-party custodians, one of his cousins and one of his sisters. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 7 June 2011 for possession with intent to distribute 28 grams or more of cocaine base, or crack, and a quantity of cocaine, and aiding and abetting the same, on or about 9 December 2010 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 3). The evidence presented at the hearing showed that the charges arise from a search of a residence at a

trailer park in Bunn at which two controlled buys of cocaine were carried out on 3 and 8 December 2010. The SWAT team executing the warrant encountered a trip wire some 20 feet out from the front of the residence. The trailer was also equipped with a video camera and other surveillance equipment. The officers found the front door barricaded with a couch and heard running inside. They located defendant in a bedroom with 7 grams of cocaine and $2,900 on his person (even though he has never had steady employment). His co-defendant was found in a room with 50 grams of crack cocaine and 50 grams of powdered cocaine, and $2,500 on his person. In the kitchen, police found 26 grams of crack cocaine on the floor, digital scales, baggies, and other drug paraphernalia. There were also two pistols, one of which, a .357 Smith and Wesson, defendant claimed was his. In addition, the police recovered from the septic line more than 37 grams of crack cocaine that had been flushed down a toilet.

Defendant had been present at the controlled buy on 3 December 2010. In addition, a confidential informant reported that he had accompanied defendant when defendant bought 9 ounces of cocaine. Defendant purportedly had the .357 pistol with him during the transaction. One of the proposed custodians testified, when asked, that defendant always had the .357 pistol with him when she saw him.

### Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offense charged; the circumstances of the offense

charged, including the quantity of drugs involved, the involvement of firearms, and the apparent sophistication of the drug-dealing operation as evidenced by the surveillance equipment on the residence; defendant's misdemeanor conviction and probation revocation; the unsuitability of the proposed alternative third-party custodial arrangements due to the high degree of flight risk and risk of danger presented by defendant, the proposed custodians' work schedules (although the sister is temporarily out of work due to an auto-accident injury), and the presence of one or more minors in each of the proposed custodial homes; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the absence of any felony convictions of defendant, his lifelong residence in the Bunn area, and his having obtained a permit for the .357 caliber pistol. But the court finds that the factors favoring detention outweigh such evidence.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of June 2011.

James E. Gates
United States Magistrate Judge