IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-158

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| JEROME USHER ) | |

This matter is before the Court on Defendant's Motion to Suppress and Motion to Sever. Both Motions are DENIED.

## I. FACTS

The Government alleges the following facts:

On December 3, 2010, the Franklin County Sheriff's Office conducted a controlled buy using a confidential informant ("CI"). The CI went to the co-defendant's trailer in Bunn, NC, where the co-defendant sold the CI crack cocaine. On December 8, 2010, another controlled buy was conducted at the codefendant's trailer. On that date, the co-defendant sold a small amount of crack cocaine to the CI. Based on the aforementioned buys, police obtained a search warrant for the co-defendant's trailer. Upon the warrant's execution on December 9, 2010, both the Defendant and co-defendant were present and both defendants moved a couch in front of the door to prevent the police's entry.

When police entered the trailer, the co-defendant was on one end of the trailer and the Defendant was on the other. Police found a bag containing over 50 grams of crack and 50 grams of powder cocaine in the bathroom light socket, close to the co-defendant's location. Found on

1

the co-defendant's person was over $2,729 in one hundred and twenty dollar denominations. Over 25 grams of crack were found In the middle of the trailer on the kitchen floor.

Police also found 7 grams of powder cocaine in the bedroom doorway close to where Defendant was located. Police also seized $2,912 from the Defendant.

Additionally, Police found the following items during the search: 37 grams of crack cocaine in the septic line, a Lorcin .25 handgun in the kitchen drawer, a frequency scanner, a handheld night vision unit, a black money box, a .357 Smith and Wesson revolver on the kitchen counter, digital scales with residue on the stove, baggies, baking soda, a kitchen knife with residue, mail with the codefendant's name, pyrex measuring cups with white residue, and a security camera on exterior of trailer. Defendant admitted possession of the .357 Smith and Wesson revolver.

The Government also alleges that a cooperating source of information saw the Defendant deal cocaine and marijuana with the codefendant in another trailer located in the same area as the one searched by law enforcement. This source also stated that he has seen this defendant with a .357 revolver in a shoulder holster.

On June 7, 2011, Defendant and co-defendant were charged jointly with aiding and abetting each other to possess with the intent to distribute 28 grams or more of cocaine case, in violation of 21 U.S.C. §841 and 18 U.S.C. §2. Discovery has been provided to the Defendant.

I. DISCUSSION

The Defendant's Motion to Suppress and Motion to Sever are denied.

A. Motion to Suppress

Defendant argues that the evidence found on his person during the trailer search should be suppressed because police lacked a search warrant for Defendant. This argument is meritless. The search of the Defendant was justified as a protective search pursuant to execution of a valid search warrant. Moreover, the search of the Defendant was justified as a search incident to arrest.

Absent special circumstances, law enforcement officers have the authority to detain occupants of a premises while an authorized search is in progress, regardless of individualized suspicion. Michigan v. Summers, 452 U.S. 692 (1981). The police also have the authority to make a limited search of an individual on the premises to the extent necessary to insure they do not pose a hazard. United States v. Barlin, 686 F.2d 81, 87 (2nd Cir. 1982). In this case, the police had a valid search warrant based on probable cause. Part of that probable cause was the fact that the residence to be searched was an alleged stash house where drug activity had recently taken place. These facts, taken with common knowledge that drug dealers utilize firearms as a tool of the trade to protect drugs and drug proceeds, justified the search of this Defendant upon execution of the search warrant. See e.g., United States v. Penniegraft, 641 F.3d 566, 573 (4th Cir. 2011)(firearms are part of the tools of the trade for a drug dealer)

Alternatively, the search is also justified as a search incident to arrest. Searches incident to arrest of a person are a well established exception to the warrant requirement of the Fourth Amendment. See e.g., Chimel v. California, 395 U.S. 752, 762–63 (1969) (allowing an officer to search an individual and the area "within his immediate control" for weapons incident to his arrest); United States v. Murphy, 552 F.3d 405, 410 (4th Cir. 2009)(same). This search may take place prior to the arrest. United States v. Miller, 925 F.2d 695, 698-99 (4th Cir. 1991).

In this case, there were multiple grounds for arresting the Defendant. First, immediately prior to an attempted entry into the residence by police, the Defendant and co-defendant had

moved a couch in front of the door to block access. Based on the Defendant's actions, police had the authority to arrest the Defendant for violation of North Carolina General Statute §14-223 for Resisting a Public Officer. This alone would justify Defendant's arrest and search incident to that arrest. Additionally, the cocaine, guns and drug paraphernalia the officers found in plain view in the trailer provides grounds to arrest the Defendant and search him incident to arrest.

Thus, the Defendant's Motion to Suppress is DENIED.

B. Motion to Sever Co-Defendant

The Defendant's motion to sever his trial from that of his co-defendant is without merit. Judicial economy calls for a joint trial and the Defendant fails to show the prejudice necessary for severance.

A single indictment may charge two or more defendants if they are alleged to have "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(b) (2009). Separate acts constituting separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme. United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987). The general rule is that individuals indicted together should be jointly tried. United States v. Mankins, 497 F.2d 1265, 1267(4th Cir. 1974).

While joinder under Rule 8 is proper, Rule 14(a) provides that "[i]f the joinder of...defendants...appears to prejudice a defendant or the government, the court may...sever the defendants' trials...." Fed.R.Crim.P. 14(a)(2009). The party seeking severance bears the burden of demonstrating "a strong showing of prejudice." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir.1984). It is not enough for the defendant to show that severance offers him "a better chance of acquittal." United States v. Reavis, 48 F.3d 763, 767 (4th Cir.1995).

In this case, the Defendant and the co-defendant are charged with aiding and abetting each other to possess with the intent to distribute 28 grams or more of cocaine base. The specific offenses allegedly committed by the co-defendant on December 3, 2010 and December 8, 2010, are part and parcel of criminal conduct allegedly committed by both defendants on December 9, 2010. Therefore, evidence relevant to the substantive distribution counts is relevant to the existence of the common plan shared by the participants. See United States v. Mankins, 497 F.2d 1265 (4th Cir. 1974)(trial court properly denied motion to sever defendants where aiding and abetting theory joined all defendants together and principles of judicial economy and needless duplication of evidence would be adversely affected).

Defendant argues he will be prejudiced by a joint trial because his co-defendant is charged with more offenses and has a greater criminal history. These facts are insufficient for the strong showing of prejudice required. Additionally, the defendant already has legal remedies in the form of jury instructions that call for considering each defendant and each count separately. The Court thus finds that a joint trial is proper.

## CONCLUSION

Defendant's Motions are both DENIED.

SO ORDERED, this 28 day of July, 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5
Case 5:11-cr-00158-BO   Document 29   Filed 07/29/11   Page 5 of 5